IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ROBERT WINDSOR, JR.,** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-10-114 |
| **SPINNER INDUSTRY CO., LTD.,** *et al.*, | * | |
| Defendants | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Robert Windsor Jr., Diana Windsor, and Tyler Windsor (a minor child, by and through his parents and next friends, Robert and Diana Windsor) ("Plaintiffs") brought this suit against Spinner Industry Co. Ltd., Raleigh America, Inc., Dick's Sporting Goods, Inc., J & B Importers, Inc., and Joy Industrial Co., Ltd. ("Defendants") for alleged breach of contract, negligence, products liability, and breach of warranty. Defendants Raleigh America and Dick's Sporting Goods now move to compel discovery and impose sanctions on Plaintiffs for alleged discovery violations. The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons stated below, Defendants' Motion for Sanctions and to Compel Discovery (ECF No. 68) is GRANTED IN PART and DENIED AS MOOT IN PART.

### I.     BACKGROUND

This products liability case arises from allegations by Plaintiffs that defects in the design, manufacture, or assembly of their bicycle caused the bicycle's front wheel to dislodge while they were riding it, resulting in injuries, and that each of the Defendants was involved in the design, manufacture,

assembly, or sale of the bicycle or its components. In the instant motion, Defendants Raleigh America and Dick's Sporting Goods seek an order compelling Plaintiffs to respond to their discovery requests and imposing sanctions on Plaintiffs for alleged violation of their discovery obligations.

Defendants allege that on September 7, 2010, they served Plaintiffs' counsel with written requests for interrogatories and production of documents. Although Plaintiffs' responses would ordinarily have been due within thirty days, Plaintiffs' counsel requested an extension of this deadline to January 1, 2011, to which Defendants agreed. However, according to Defendants, on January 19, 2011, Plaintiffs still had not responded to their discovery requests. Defendants' counsel therefore sent a letter to Plaintiffs' counsel inquiring about the status of the requests. On April 5, 2011, Plaintiffs still had not responded either to the discovery requests or to the correspondence from Defendants' counsel. Defendants therefore renewed their discovery requests. After Defendants mailed their renewed requests, Plaintiffs' counsel telephoned Defendants' counsel and explained that his paralegal was in the process of completing Plaintiffs' responses, which would be forthcoming within a few weeks. However, as of the filing of this motion on August 19, 2011, Defendants allege that they had still not received the requested discovery, and that, in addition, they had not received Plaintiffs' Rule 26(a)(2) expert disclosures, which were due on July 18, 2011.

On August 24, 2011, a few days after Defendants filed this motion, Plaintiffs moved for leave to file their Rule 26(a)(2) disclosures out of time, explaining that they had been preoccupied with complicated service and discovery problems relating to two foreign defendants and had inadvertently neglected to seek an extension of discovery deadlines. The Court granted this motion in a Paperless Order (ECF No. 72).

On September 7, 2011, Plaintiffs filed a response to the instant motion. In it, Plaintiffs' counsel apologizes to the Court and to Defendants, and avers that Plaintiffs "are today serving on Counsel for

Movants complete responses to the discovery referenced in the Motion." (Pl.'s Resp., ECF No. 73). More than 17 days have elapsed since Plaintiffs' response and Defendants have not filed a reply.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a) "authorizes the basic motion for enforcing discovery obligations." CHARLES ALAN WRIGHT, ET AL., 8B FED. PRAC. & PROC. CIV. § 2285 (3d ed. 1998). Among other things, where a party has failed to make its required Rule 26(a) disclosures or to respond to properly served interrogatories or requests for production of documents, the Rule allows the opposing party to move for an order compelling the disclosure or response. Fed. R. Civ. P. 37(a)(3). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1). District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 932, 929 (4th Cir. 1995).

If a court grants a motion pursuant to Rule 37(a), it generally must require the party whose conduct necessitated the motion to pay the reasonable costs incurred by the moving party, including attorney's fees. Fed. R. Civ. P. 37(a)(5). However, a court may not order such payment if the moving party failed to confer in good faith with opposing counsel before filing the motion, if the opposing party's non-cooperation was substantially justified, or if ordering the payment would be otherwise unjust. *Id.*

## III. ANALYSIS

Defendants' motion has, in large part, been mooted by developments subsequent to its filing. The issue of Plaintiffs' Rule 26(a)(2) disclosures is mooted in its entirety by the Court's granting of Plaintiffs' motion for leave to file the disclosures out of time and the Court's finding

that Defendants would not be prejudiced thereby. (Paperless Order, ECF No. 72). Further, Defendants' motion to compel Plaintiffs' responses to their other discovery requests is moot because Plaintiffs' counsel has represented that he has now served the responses, and Defendants have made no claim to the contrary despite ample opportunity to do so. All that remains, therefore, is Defendants' motion for sanctions with regard to the tardiness of these responses.

The Court finds that it is appropriate to award Defendants their attorneys' fees and costs in connection with the efforts to obtain responses to their discovery requests. Plaintiffs' counsel was not entitled to make his opponents chase him for months in order to obtain discovery which the Rules clearly entitled them to receive. Further, dilatory conduct during the discovery process only makes the litigation process less efficient and more expensive. Imposition of sanctions will mitigate the expense unfairly imposed on defendants, and may serve to deter Plaintiffs and their lawyers from similar foot dragging in the future. Accordingly, the motion for sanctions will be granted.

## IV. ORDER

It is ORDERED that Defendants' Motion for Sanctions and to Compel Discovery (ECF No. 68) is GRANTED IN PART and DENIED AS MOOT IN PART as follows:

(1) the part of the motion relating to Plaintiffs' Rule 26(a)(2) disclosures is DENIED AS MOOT;

(2) the motion to compel Plaintiffs' response to Defendants' interrogatories and requests for document production is DENIED AS MOOT;

(3) the motion for sanctions with respect to Plaintiffs' failure to timely respond to Defendants' interrogatories and requests for document production is GRANTED;

(4) Defendants are ORDERED to submit a bill of costs no later than the close-of-business on Wednesday, October 12, 2011, containing an itemized account of the reasonable costs and attorneys' fees incurred by them in filing this motion and in attempting to obtain responses to their interrogatories and requests for document production between January 1, 2011 and September 7, 2011 (*excluding* any costs associated with the untimeliness of Plaintiff's Rule 26(a)(2) disclosures or any other expert discovery matters); and

(5) once the Court has determined Defendants' reasonable costs and attorneys' fees, as described above, Plaintiffs shall be ORDERED to pay those costs to Defendants.

Dated this 6th day of October, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge