IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROBERT WINDSOR, JR., *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-10-114 |
| SPINNER INDUSTRY CO., LTD., *et al.*, | * | |
| Defendants | * | |

## **MEMORANDUM**

Robert Windsor, Jr. and Tyler Windsor (a minor child, by and through his parents and next friends, Robert and Diana Windsor) ("Plaintiffs") brought this suit against Spinner Industry Co. Ltd., Raleigh America, Inc., Dick's Sporting Goods, Inc., J & B Importers, Inc., and Joy Industrial Co., Ltd. ("Defendants") for alleged breach of contract, negligence, products liability, and breach of warranty. (ECF No. 1). Defendants Dick's, J & B, and Raleigh have each filed crossclaims for indemnification and contribution against one another and against Defendants Spinner and Joy. (ECF Nos. 25, 32, & 79). Defendant Joy has moved to dismiss the claims and crossclaims asserted against it for lack of subject matter jurisdiction. (ECF Nos. 47 & 90). The issues have been briefed and the Court has conducted an evidentiary hearing and heard oral argument. Local Rule 105.6. For the reasons explained below, Defendant Joy Industrial Co.'s Motions to Dismiss (ECF Nos. 47 & 90) are GRANTED.

1

## I. BACKGROUND

This products liability case arises from an accident in which the front wheel of Robert Windsor's bicycle dislodged, causing him and his toddler son, Tyler, to be thrown to the ground. Plaintiffs allege that each of the Defendants was involved in the design, manufacture, or assembly of the bicycle or its components, and that defects in these processes were the proximate cause of the accident. Further, Defendants Dick's, J & B, and Raleigh have each asserted crossclaims for contribution and indemnification against one another and against Defendants Spinner Industry Co. and Joy Industrial Co. Joy seeks dismissal of the claims and crossclaims against it on the grounds that it is not subject to personal jurisdiction in this forum.

Joy is a Taiwanese corporation that designs and manufactures bicycle components, including a mechanism called a "quick release skewer," which is used to hold wheels in place. Plaintiffs allege that their bicycle contained one of Joy's quick release skewers and that a defect in the skewer contributed to the cause of their accident. The parties agree that Joy sells its products to distributors, manufacturers, and trading companies who then market them in every state in the U.S., but that Joy has no direct contacts with the State of Maryland.

In February of 2011, Joy moved to dismiss Plaintiffs' claims, arguing that its lack of contacts with Maryland prevented this Court from exercising personal jurisdiction over it. (ECF No. 47). In October, the Court issued a Memorandum and Order addressing the present state of the law of personal jurisdiction and holding Joy's motion in abeyance pending an evidentiary hearing. (ECF Nos. 87 & 88). Specifically, the Court held that recent Supreme Court decisions and the case law of this circuit required Plaintiff to show some conduct on the part of Joy specifically directed at this forum, beyond mere foreseeability or expectation that its products might be sold here by third-party distributors. The Court also held that Plaintiffs, to that point,

had failed to make a *prima facie* showing of personal jurisdiction. However, because the Court found that the state of the law was highly ambiguous, it declined to definitively rule of Joy's motion until Plaintiff had had a chance to offer further evidence and argument in light of the Court's ruling on the legal standard for personal jurisdiction set out in its Memorandum. Shortly thereafter, Joy filed a motion to dismiss the counterclaims against it on the same grounds. (ECF No. 90). On November 29, 2011, the Court held an evidentiary hearing consisting of testimony and oral argument from all interested parties on the issue of Joy's contacts with the State of Maryland. The Court now makes its final ruling on Joy's motions.

## II. LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows defendants to challenge a district court's personal jurisdiction over them before filing any responsive pleadings. When a defendant so challenges, the plaintiff bears the burden of proving the existence of personal jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 866 F.2d 673, 676 (4th Cir. 1989).

Consistent with Due Process, a State may exercise personal jurisdiction over a non-resident defendant that has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State" and thereby "invoke[d] the benefits and protections of its laws." *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The State's jurisdiction under these circumstances, so-called *specific jurisdiction*, is, however, limited to controversies arising from the defendant's activities in the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Importantly, foreign businesses whose products are sold in the forum State by third parties cannot be subjected to personal jurisdiction in the forum merely because they should have known, knew, or even expected their products to reach that forum. *J. McIntyre*

*Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2793 (2011) (Opinion of Breyer, J.); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). Rather, the defendant must take some deliberate action to specifically target the markets of the forum State in particular before it will be deemed to have submitted to personal jurisdiction there. *See Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 108-113 (1987) (Opinion of O'Connor, J.).

### III.   ANALYSIS

The Court has already performed a detailed analysis of the law of personal jurisdiction and its application to the facts of this case, which is set out in its previous Memorandum (ECF No. 78) and will not be repeated here. Rather, the Court here addresses only the additional evidence and argument presented by Plaintiffs and Cross-Plaintiffs at the hearing on November 29, 2011.

The only new evidence offered at the hearing in support of jurisdiction was the testimony of Christopher Kulczycki, the president and owner of Velo Orange, LLC. Velo Orange is a Maryland company that imports and sells bicycle parts. Mr. Kulczycki testified that he has purchased a number of bicycle hubs manufactured by Joy through a trading company in Taiwan, though he has never purchased directly from Joy. The Court finds that this testimony does nothing to show that Joy intentionally directed any conduct toward the State of Maryland or purposefully availed itself of the protection of Maryland law. The rest of the arguments presented at the hearing, such as that regarding Joy's maintenance of a web-site accessible to Maryland internet users, were merely reruns of arguments already rejected in the Court's previous Memorandum. The Court therefore finds that Plaintiffs and Cross-Plaintiffs have failed to carry their burden of demonstrating that Joy is subject to personal jurisdiction in this forum.

## IV. CONCLUSION

Accordingly, an ORDER shall enter GRANTING Joy's Motions to Dismiss (ECF Nos. 47 & 90) and DISMISSING WITHOUT PREJUDICE all claims and crossclaims asserted against Joy in this case.

Dated this 30th day of November, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge